NO.
07-11-0007-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

JANUARY 31, 2011

 

__________________________

 

In
re JACQUELINE NICOLE MILLER, 

 

                                                                             Relator

__________________________

 

Memorandum Opinion on Original Proceeding for Writ
of Mandamus

__________________________

 

 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

            Jacqueline Nicole Miller requests a
writ of mandamus from us directing the Honorable Ruben Reyes, 72nd District
Court, Lubbock, Texas (trial court) “to vacate its order denying [her] Motion
to Compel and Supplemental Motion to Compel.” 
Through the motion to compel, Miller sought the discovery of mental
health records developed by Dr. Karen Taylor and pertaining to Lauren Claire Culwell.  The latter
sued Miller to recover damages arising from an automobile accident.  The trial court denied the motion.

            Per the authority cited to us by
Miller, her entitlement to mandamus relief is dependent upon illustrating,
among other things, that she has no adequate remedy by appeal.  And, her argument goes, “no adequate remedy
by appeal [exists] to challenge a discovery dispute when the party’s ability to
present a viable defense at trial will be impaired by the trial court’s error.”  In re Allied Chem. Corp., 227 S.W.3d 652, 658 (Tex. 2007)
(noting mandamus is appropriate when a discovery order severely compromises a
party’s ability to present any case at all at trial).  That element purportedy exists here since
being unable to obtain the mental health records from Dr. Taylor would
prevent  Miller from establishing that
Culwell suffered from a particular mental condition prior to the car
accident.  Allegedly, the existence of a
mental condition, such as depression, could be a triggering agent for
fibromyalgia, a physical ailment for which Culwell seeks damages as a result of
the collision.  Furthermore, Miller hopes
to prove that Culwell experienced depression or other mental conditions for
reasons unrelated to the accident. 
Omitted from the argument, however, is any contention that the same
information cannot be obtained from Culwell herself.  Nor have we been cited to evidence of record
illustrating that Culwell has not or will not discuss whether she suffered from
1) depression or 2) any other mental condition of the ilk sufficient to be the
needed triggering agent.  Given this, we
cannot say that Miller carried her burden to prove that her ability to
establish the desired defense would be severely compromised unless Culwell’s
doctor is forced to release her patient records.  

            The petition is denied.

                                                                        Per
Curiam